UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
SUZANNE SHELL,                          :
                                        :      CASE NO. 15-CV-1757
            Plaintiff,                  :
                                        :
vs.                                     :      OPINION AND ORDER
                                        :      [Resolving Docs. 24, 25, 26, 28]
OHIO FAMILY RIGHTS, et al.,             :
                                        :
            Defendants.                 :
                                        :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Suzanne Shell brings copyright claims against eight defendants.[1] Defendants Rosalind "Roz" McAllister, Ray Lautenschlager, Ohio Family Rights, and Ohio Family Rights National move to dismiss Plaintiff's complaint for improper service.[2] Plaintiff opposes[3] and moves to strike the motions of Ohio Family Rights and Ohio Family Rights National.[4] For the following reasons, this Court **GRANTS** Plaintiff Shell's motion to strike, **DENIES** Defendant Lautenschlager's motion to dismiss, and **ORDERS** re-service on Defendant McAllister.

**I. Background**

On August 31, 2015, Plaintiff Shell filed her original complaint and moved to proceed in forma pauperis.[5] On September 22, 2015, this court granted Plaintiff's motion to proceed in forma pauperis.[6] On September 24, 2015, the U.S. Marshalls received the original summonses

---

[1] Doc. 15.
[2] Docs. 23, 24, 25, 26.
[3] Doc. 27.
[4] Doc. 28.
[5] Docs. 1, 2.
[6] Doc. 6.

-1-

Case No. 15-cv-1757
Gwin, J.

for Defendants McAllister, Lautenschlager, Ohio Family Rights, and Ohio Family Rights National.[7] On November 9, 2015, service by certified mail returned unexecuted.[8]

On December 4, 2015, Plaintiff Shell moved to extend her time to perfect service on Defendants.[9] On January 6, 2016, this Court granted Plaintiff's motion to extend time and gave an additional 30 days running from the January 6, 2016 order.[10]

On February 9, 2016, Plaintiff Shell filed Proof of Service forms for the four Defendants.[11] These forms are all signed by Reverend Tony Hoge. From the forms it appears that Reverend Hoge personally served Defendant Lautenschlager on January 21, 2016 at 4:30 p.m. The other forms indicate that Reverend Hoge also left copies of Plaintiff's first amended complaint and summons with Ray Lautenschlager instead of personally serving the other defendants.[12] Defendant Lautenschlager then handed a copy of the complaint, and possibly the summons, to Defendant McAllister.[13] Defendant McAllister was not personally served with the complaint and summons.

On February 17, 2016, Defendants McAllister, Lautenschlager, Ohio Family Rights, and Ohio Family Rights National filed separate motions to dismiss for improper service.[14] On February 22, 2016, Plaintiff Shell responded and filed a motion to strike the motions of Defendants Ohio Family Rights and Ohio Family Rights National.[15]

---

[7] Doc. 7.
[8] Doc. 9.
[9] Doc. 11.
[10] Doc. 14.
[11] Docs. 18, 20, 21, 22.
[12] Plaintiff Shell likely perfected service on Defendants Ohio Family Rights and Ohio Family Rights National since Defendant Lautenschlager is the president of both organizations. *See* Fed. R. Civ. P. 4(h)(1)(B).
[13] *See* Doc. 23 at 1.
[14] Docs. 23, 24, 25, 26.
[15] Docs. 27, 28.

-2-

Case No. 15-cv-1757
Gwin, J.

## II. Discussion

**Plaintiff's Motion to Strike**

Plaintiff moves to strike the motions to dismiss of Defendants Ohio Family Rights and Ohio Family Rights National. Defendant Lautenschlager, an officer of both Ohio Family Rights and Ohio Family Rights National, wrote and filed these motions to dismiss in addition to his own motion to dismiss. Defendant Lautenschlager is not a licensed attorney.

Officers of business associations and organizations may not appear pro se in federal court to represent their organizations.[16] Therefore, Defendants Ohio Family Rights' and Ohio Family Rights National's motions to dismiss are not properly filed. The Court **GRANTS** Plaintiff Shell's motion to strike Defendants' motions to dismiss.

**Defendant Lautenschlager's Motion to Dismiss**

Defendant Lautenschlager moves to dismiss the complaint against him for improper service. However, Plaintiff filed proof of service showing service on Defendant Lautenschlager. The form indicates that Reverend Hoge personally served Defendant Lautenschlager.[17] Defendant Lautenschlager admits that he received a copy of the complaint and summons in this case.[18] Service on Defendant Lautenschlager was proper.

Defendant Lautenschlager also argues that this Court should dismiss the complaint because Plaintiff Shell is prosecuting this case under a pseudonym. This argument loses. None of the Defendants provide any supporting evidence for this contention. Moreover, the name Suzanne Shell appears on the copyright documentation that forms the basis of the complaint. This Court **DENIES** Defendant Lautenschlager's motion to dismiss.

---

[16] *Dimercurio v. C.I.R.*, 103 A.F.T.R.2d 2009-1288 (6th Cir. 2009) (citing *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993)); *Harris v. Akron Dep't of Pub. Health*, 10 F. App'x 316, 319 (6th Cir. 2001).
[17] Doc. 18.
[18] Doc. 24 at 1–2.

Case No. 15-cv-1757
Gwin, J.

**Defendant McAllister's Motion to Dismiss**

Defendant McAllister also moves to dismiss for improper service. Under Federal Rule of Civil Procedure 4(e)(2)(A)-(C),[19] service may be perfected by personally serving a defendant, leaving a copy of the summons and complaint at a defendant's dwelling place with "someone of suitable age and discretion who resides there"[20] or serving a defendant's agent who has been authorized to receive process on the defendant's behalf. Plaintiff is unable to show that she perfected service on Defendant McCallister in any of those ways.

First, Reverend Hoge's personal service on Defendant Lautenschlager does not satisfy the Rule 4(2)(2)(A) personal service method as to Defendant McCallister. Service must be perfected as to each defendant.

Second, Plaintiff Shell did not perfect service under Rule 4(e)(2)(B). Though Defendant Lautenschlager may be a person of "suitable age and discretion," the address at which Reverend Hoge served Defendant Lautenschlager is not Defendant McCallister's home or dwelling place.

Finally, Plaintiff Shell makes some argument that she perfected service under Rule 4(e)(2)(C). However, Plaintiff does not make a sufficient showing of service under this method.

Plaintiff filed a document titled "DMCA Counter-Notice" electronically signed by Roz McAllister. That document says that Defendant McAllister "agree[s] to accept service of process from the person who provided notification of allegedly infringing content or that person's agent."[21] However, the Court does not have any information to determine "who provided notification of allegedly infringing content" to Defendant McAllister. Without knowing whether Defendant Lautenschlager "provided notification of allegedly infringing content" to Defendant McAllister, the Court cannot rule that Plaintiff Shell perfected service by "delivering [the

---

[19] Plaintiff Shell does not argue that she perfected service under Ohio Law to satisfy Rule 4(e)(1).
[20] Fed. R. Civ. P. 4(e)(2)(B).
[21] Doc. 1-1.

-4-

Case No. 15-cv-1757
Gwin, J.

complaint and summons] to an agent authorized by appointment . . . to receive service of process"[22] on behalf of Defendant McAllister.

Plaintiff Shell has not perfected service on Defendant McAllister within the time limits under Rule 4(m). However, Plaintiff Shell shows good cause for the delay in perfecting service. Therefore, this Court **ORDERS** that Plaintiff Shell perfect service under Rule 4(e) on Defendant McAllister within 30 days of the filing of this order or the complaint will be dismissed against Defendant McAllister.[23]

 IT IS SO ORDERED.

Dated: March 1, 2016     *s/     James S. Gwin*
 JAMES S. GWIN
 UNITED STATES DISTRICT JUDGE

---

[22] Fed. R. Civ. P. 4 (e)(2)(C).

[23] *See* Advisory Committee's Comments on 1993 Amendments to Fed. R. Civ. P. 4, subsection (m) ("The district court should also take care to protect pro se plaintiffs from consequences of confusion or delay attending the resolution of an in forma pauperis petition." (citing *Robinson v. America's Best Contacts & Eyeglasses*, 876 F.2d 596 (7th Cir.1989)); Advisory Committee's Comments on 2015 Amendments to Fed. R. Civ. P. 4, subsection (m) ("Shortening the presumptive time for service [from 120 days to 90 days] will increase the frequency of occasions to extend the time for good cause. More time may be needed, for example, when a request to waive service fails, a defendant is difficult to serve, or a marshal is to make service in an in forma pauperis action.").