UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

|  |  |  |
|---|---|---|
| SUZANNE SHELL, | : | |
| | : | CASE NO. 15-cv-1757 |
| Plaintiff, | : | |
| | : | |
| vs. | : | OPINION AND ORDER |
| | : | [Resolving Docs. 30, 32] |
| OHIO FAMILY RIGHTS, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On March 1, 2016, this Court issued its opinion on Defendants' challenges to service.[1] On March 1, 2016, Plaintiff Suzanne Shell moved for reconsideration of the March 1, 2016 opinion.[2] On March 14, 2016, Defendant Ray Lautenschlager moved for reconsideration of the March 1, 2016 opinion.[3] For the following reasons, this Court **GRANTS** Plaintiff's motion for reconsideration and finds that Plaintiff perfected service on Defendant McAllister. This Court **GRANTS** Defendant Lautenschlager's motion for reconsideration, finds that Plaintiff properly served Defendant Lautenschlager, and **STRIKES** Defendants Ohio Family Rights and Ohio Family Rights National from the complaint as redundant. This Court also **ORDERS** that the parties comply with Rule 5 for service of future pleadings and motions and **ORDERS** that Defendants Lautenschlager and McAllister file an answer to Plaintiff's first amended complaint by April 7, 2016.

---

[1] Doc. 29.
[2] Doc. 30.
[3] Doc. 32. Plaintiff responds. Doc. 33.

Case No. 15-cv-1757
Gwin, J.

## I. Discussion

*Service on Defendant McAllister*

In its March 1, 2016 opinion, this Court, finding that Plaintiff attempted service on Defendant McAllister at her place of business, held that "[t]hough Defendant Lautenschlager may be a person of 'suitable age and discretion,' the address at which Reverend Hoge served Defendant Lautenschlager is not Defendant McAllister's home or dwelling place."[4] With her motion for reconsideration, Plaintiff Shell notes that the Cleveland address where she served Defendants McAllister and Lautenschlager is actually McAllister's home, not her business. With no objection from Defendant McAllister, this Court finds that Plaintiff Shell properly served Defendant McAllister under Federal Rule of Civil Procedure 4(e)(2)(B).

*Defendants Ohio Family Rights and Ohio Family Rights National*

With his motion for reconsideration, Defendant Lautenschlager says that Defendants Ohio Family Rights and Ohio Family Rights National are nothing more than webpages and Facebook pages operated by Lautenschlager.[5] This Court finds that websites are not entities that can sue or be sued, and therefore cannot grant relief to Plaintiff Shell.[6] Furthermore, because a named defendant operates these websites, any causes of action against the websites are redundant. Therefore, this Court **STRIKES** Defendants Ohio Family Rights and Ohio Family Rights National from Plaintiff's complaint under Rule 12(f)(1).

---

[4] Doc. 29 at 4.

[5] Plaintiff says that because these websites hold themselves out as organizations and make reference to a board of directors, that this Court should treat them as legal entities. This argument loses. The websites' use of these words is insufficient to make them separate legal entities with the power to sue or be sued.

[6] *See Lavergne v. Busted in Acadiana*, 2014 WL 949860, at *2 (W.D. La. Mar. 11, 2014) *aff'd*, 583 F. App'x 368 (5th Cir. 2014) *cert. dismissed*, 135 S. Ct. 1532, 191 L. Ed. 2d 557 (2015) (finding that a website "has no independent legal existence or the capacity to be sued" under Louisiana law); *Wine & Canvas Dev., LLC v. Weisser*, 886 F. Supp. 2d 930, 942 (S.D. Ind. 2012) (same under Indiana law). The same principle holds under Ohio law. *See Patterson v. V & M Auto Body*, 589 N.E.2d 1306, 1309 (Ohio 1992) ("If a defendant in a lawsuit is not an actual or legal entity, then any judgment rendered against that entity is void.").

-2-

Case No. 15-cv-1757
Gwin, J.

*Service on Defendant Lautenschlager*

With his motion for reconsideration, Defendant Lautenschlager also says that Plaintiff has not served him. However, the record shows that Plaintiff personally served Defendant Lautenschlager with her first amended complaint—the operative complaint in this case—and summons.[7] This satisfies Plaintiff's service requirement.[8]

As for the other documents listed in Defendant Lautenschlager's motion for reconsideration, all parties must comply with Federal Rule of Civil Procedure 5, including serving motions and pleadings on the other parties.

*Filing an Answer*

This Court finds that Plaintiff Shell properly served Defendants McAllister and Lautenschlager. Therefore, this Court **ORDERS** that these Defendants each file an answer to the complaint by April 7, 2016 or risk an entry of default judgment against them. All other properly served parties in this case must file an answer within the time limits set by Federal Rule of Civil Procedure 12(a).

## II. Conclusion

For the reasons above, this Court **GRANTS** Plaintiff's motion for reconsideration and finds that Plaintiff perfected service on Defendant McAllister, **GRANTS** Defendant Lautenschlager's motion for reconsideration, finds that Plaintiff properly served Defendant Lautenschlager, **STRIKES** Defendants Ohio Family Rights and Ohio Family Rights National from the complaint, **ORDERS** that future pleadings be served on the remaining parties, and

---

[7] Defendant Lautenschlager says that Plaintiff's service was inadequate because it did not come with the original complaint. This argument loses. A plaintiff needs to serve a copy of the operative complaint, not the original complaint, along with the summons. *See* Fed. R. Civ. P. 4(c).

[8] *Id.*

Case No. 15-cv-1757
Gwin, J.

**ORDERS** that Defendants Lautenschlager and McAllister file answers to Plaintiff's first amended complaint by April 7, 2016.

    IT IS SO ORDERED.


Dated: March 22, 2016          *s/ James S. Gwin*
                                                                      JAMES S. GWIN
                                                                      UNITED STATES DISTRICT JUDGE