UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SUZANNE SHELL, | ) | |
| | ) | Case No. 1:15CV1757 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Magistrate Judge Kenneth  McHargh |
| OHIO FAMILY RIGHTS, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | MEMORANDUM |
| | ) | AND ORDER |
| | ) | |

McHARGH, Mag.J.

The pro se plaintiff Suzanne Shell filed suit in this court against pro se defendants Ray R. Lautenschlager and Rosalind ("Roz") A. McAllister, as well as against several parties who have since been dismissed.  Shell filed an amended complaint on January 19, 2016, alleging copyright infringement against the defendants concerning three works with copyrights allegedly registered and owned by Shell.  (Doc. 15.)  This should be a straightforward case.

However, the pro se plaintiff and the pro se defendants have filed a multitude of motions, which do not serve to move the case forward.

The court scheduled a Case Management Conference (CMC) in this case, which was held on July 1, 2016.  (Doc. 65.)  Before the court could conduct the Case Management Conference, the purpose of which is to set the deadlines for the progress of the case, McAllister filed a motion to intervene (doc. 46); Lautenschlager and McAllister filed motions for summary judgment (doc. 47-48); Lautenschlager filed a motion for protective relief (doc. 49), which was the subject of Shell's motion to strike (doc. 50); McAllister filed a motion to strike Shell's response to her motion for summary judgment (doc. 53); Lautenschlager filed a motion to strike Shell's motion to strike (doc. 54); Shell filed a motion for for protective order (doc. 56); and more.

 The Case Management Order which followed the CMC provided that all motions and related documents filed with the court must comply with the court's Local Rules.  (Doc. 65, at 1.)  The court also set a discovery deadline of December 12, 2016, and a dispositive motion deadline of September 26, 2016.  Id.

As to discovery disputes, Local Rule 37.1 provides that parties shall first make sincere, good faith efforts between themselves to resolve the dispute before turning to the court.  If the parties' own efforts to resolve the dispute are unsuccessful, the next step is to involve the judicial officer through a telephone conference.  If the judicial officer is still unable to resolve the dispute at the telephone conference, at that point the parties may file discovery motions.  Local Rule 37.1.

LR 37.1 is intended to streamline the resolution of discovery disputes by involving the judge, and avoiding, in most instances, the filing of motions to compel

and similar motions. It does not appear that the parties attempted to confer with each other to resolve their discovery disputes, nor did the parties attempt to schedule a telephone conference with the court.  Instead, Shell filed a motion to compel (doc. 70).

The court recognizes that the parties have chosen to proceed pro se. However, all parties are cautioned that a pro se litigant is expected to follow the rules of court.  *McNeil v. United States*, 508 U.S. 106, 113 (1993) (strict adherence to procedural requirements); *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991).  The proper procedure (LR 37.1) to address future discovery disputes is set out above.

The court will now address several of the motions pending before the court.


## I.  MOTION TO INTERVENE

McAllister has filed a "motion to intervene" on behalf of former defendant American Family Rights.  (Doc. 46.)  That defendant has been dismissed from the case.  (Doc. 45.)  Thus, McAllister's motion to intervene (doc. 46) is denied as moot.


## II. "MOTION FOR PROTECTIVE RELIEF"

Lautenschlager filed a "motion for protective relief," requesting that the court not dismiss him until Shell has answered his motion for summary judgment.  (Doc. 49.)  Shell has filed a motion to strike same.  (Doc. 50.)

The court assures the parties that judgment will not be granted until the parties have had the opportunity to brief the issues in the usual manner.  See Local

Rule 7.1.  The motions (doc. 49, 50) are denied, and Lautenschlager's related motion (doc. 54) to strike Shell's motion to strike is denied as well.

## III.  MOTIONS FOR SUMMARY JUDGMENT

As mentioned earlier, Lautenschlager and McAllister filed motions for summary judgment (doc. 47-48) before the Case Management Conference had even been held.  Shell filed a response to the motions for summary judgment (doc. 51), and Lautenschlager filed a reply to that (doc. 55).  McAllister filed a motion to strike Shell's response.  (Doc. 53.)

Summary judgment is appropriate when the record "shows that there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Non-moving parties may rest neither upon the mere allegations of their pleadings nor upon general allegations that issues of fact may exist.  *See Bryant v. Commonwealth of Kentucky*, 490 F.2d 1273, 1275 (6th Cir. 1974).  The Supreme Court held that:

> . . . Rule 56(c)[1] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The evidence need not be in a form admissible at trial in order to avoid summary judgment, but Rule 56(e) requires the opposing party:

---

[1]  Now Rule 56(a).

> to go beyond the pleadings and by [his] own affidavits, or by the "depositions,
> answers to interrogatories, and admissions on file," designate "specific facts
> showing that there is a genuine issue for trial."

*Id.* at 324.

The Sixth Circuit in *Street v. J.C. Bradford & Co.*, 886 F.2d 1472 (6th Cir. 1989), points out that the movant has the initial burden of showing "the absence of a genuine issue of material fact" as to an essential element of the non-movant's case.  This burden may be met by pointing out to the court that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case.  *Street*, 886 F.2d at 1479.

> Rule 56 provides that:
>
> A party asserting that a fact cannot be or is genuinely disputed must
> support the assertion by:
>
> (A) citing to particular parts of materials in the record, including
> depositions, documents, electronically stored information, affidavits or
> declarations, stipulations (including those made for purposes of the
> motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or
> presence of a genuine dispute, or that an adverse party cannot produce
> admissible evidence to support the fact.

Fed.R.Civ.P. 56(c)(1); *Diaz v. Mitchell's Salon and Day Spa, Inc.*, No. 1:09CV882, 2011 WL 379097, at *1 (S.D. Ohio Feb. 2, 2011).

The defendants' motions for summary judgment are DENIED, without prejudice to renew, for several reasons.  First and foremost, the motions were prematurely filed; the court finds that the plaintiff has not "had sufficient

opportunity for discovery." *Street*, 886 F.2d at 1479.  Second, the motions do not meet the movants' initial burden, as outlined above.

The defendants make a number of factual assertions, without any evidence in the record in support.  For example, Lautenschlager asserts that the contested "Letter to School" is actually identical to a letter authored by Senator Hatch.  (Doc. 47, at 3.)  He does not provide in support such a letter authored by Sen. Hatch, nor does he indicate that such a letter is part of the record in this case.  As another example, Lautenschlager also asserts that a final decision in another federal court resolves some of the issues in this case, but he does not provide a copy of that decision.  (Doc. 47, at 3, 5; *see also* doc. 48, at 2.)  The defendants' motions for summary judgment are denied, without prejudice to renew.

The court will address other pending motions in a future memorandum.

SUMMARY

McAllister's motion to intervene (doc. 46) is DENIED as moot. Lautenschlager's "motion for protective relief" (doc. 49),  Shell's motion to strike (doc. 50), and Lautenschlager's related motion to strike (doc. 54) are DENIED.

The defendants' motions for summary judgment (doc. 47, 48) are DENIED, without prejudice to renew.  McAllister's motion (doc. 53) to strike Shell's response is DENIED as moot.


IT IS SO ORDERED.

Aug. 24,  2016                     /s/ Kenneth S. McHargh
                                Kenneth S. McHargh
                                United States Magistrate Judge