UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SUZANNE SHELL, | ) | |
| | ) | Case No. 1:15CV1757 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Magistrate Judge Kenneth McHargh |
| OHIO FAMILY RIGHTS, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | MEMORANDUM |
| | ) | AND ORDER |
| | ) | |

McHARGH, Mag.J.

The pro se plaintiff Suzanne Shell filed suit in this court against pro se defendants Ray R. Lautenschlager and Rosalind ("Roz") A. McAllister, as well as against several parties who have since been dismissed. Shell filed an amended complaint on January 19, 2016, alleging copyright infringement against the defendants concerning three works with copyrights allegedly registered and owned by Shell. (Doc. 15.) This should be a straightforward case.

However, the pro se plaintiff and the pro se defendants have filed a multitude of motions, which for the most part do not serve to move the case forward. Currently before the court are Shell's motion to compel discovery (doc. 70);

Lautenschlager's and McAllister's objections to interrogatories (doc 71, 72); and, Lautenschlager's motion to strike Shell's motion to compel (doc. 73). Shell has filed a response to the motion to strike her motion to compel (doc. 74), and a response to the objections to her interrogatories (doc. 75).

The court scheduled a Case Management Conference (CMC) in this case, which was held on July 1, 2016. (Doc. 65.) The Case Management Order which followed the CMC provided that all motions and related documents filed with the court must comply with the court's Local Rules. (Doc. 65, at 1.) The court also set a discovery deadline of December 12, 2016, and a dispositive motion deadline of September 26, 2016. Id.

As to discovery disputes, Local Rule 37.1 provides that parties shall first make sincere, good faith efforts between themselves to resolve the dispute before turning to the court. If the parties' own efforts to resolve the dispute are unsuccessful, the next step is to involve the judicial officer through a telephone conference. If the judicial officer is still unable to resolve the dispute at the telephone conference, at that point the parties may file discovery motions. Local Rule 37.1.

LR 37.1 is intended to streamline the resolution of discovery disputes by involving the judge, and avoiding, in most instances, the filing of motions to compel and similar motions. It does not appear that the parties attempted to confer with each other to resolve their discovery disputes, nor did the parties attempt to schedule a telephone conference with the court. Instead, Shell filed a motion to compel (doc. 70).

The court recognizes that the parties have chosen to proceed pro se. However, all parties are cautioned that a pro se litigant is expected to follow the rules of court. *McNeil v. United States*, 508 U.S. 106, 113 (1993) (strict adherence to procedural requirements); *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991). The proper procedure (LR 37.1) to address future discovery disputes is set out above.

The court will now address the discovery motion pending before the court.

## MOTION TO COMPEL

Shell has filed a motion to compel, asserting that she served interrogatories on the defendants on May 27, 2016, to which she received no response. (Doc. 70, at 2.) She then asserts that she contacted defendants on July 5, inquiring as to when she could expect a response. She alleges that McAllister stated that she would not answer the interrogatories, and that she received no response from Lautenschlager[1]. Id. She then filed her motion to compel on July 25, 2016.

The Federal Rules of Civil Procedure permit discovery "regarding any non-privileged matter that is relevant to any party's claim or defense . . ." Fed. R.Civ. P. 26(b)(1). The relevance burden is met if the party can show that the discovery sought "appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* The scope of discovery under the Federal Rules traditionally has been quite broad. *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 402 (6th Cir.

---

[1] Lautenschlager and McAllister subsequently filed objections to Shell's interrogatories, on Aug. 3, 2016. (Doc 71, 72.)

1998); *Sanyo Laser Prod. Inc. v. Arista Records, Inc.*, 214 F.R.D. 496, 500 (S.D. Ind. 2003); 8 Wright & Miller, *Federal Practice and Procedure*, § 2008.

### A. Interrogatories

The purpose of written interrogatories, permitted under Rule 33, is "to focus the fundamental issues between the parties and to enable the parties to learn what the facts are and where they may be found before trial, to the end that the parties may prepare their case in the light of all the available facts." *United States v. A.B. Dick Co.*, 7 F.R.D. 442, 443 (N.D. Ohio 1947).

Interrogatories must be answered, or objections served, within thirty days of the service of the interrogatories. Fed. R. Civ. P. 33(b)(2). "The grounds for objecting to an interrogatory must be stated with specificity." Fed. R. Civ. P. 33(b)(4). Shell argues that, because the defendants did not object to the interrogatories in a timely manner, any objection(s) should be deemed waived. (Doc. 70, at 3.)

In response to the motion to compel, Lautenschlager and McAllister filed objections to Shell's interrogatories. (Doc 71, 72.) Lautenschlager also filed a motion to strike Shell's motion to compel. (Doc. 73).

### B. Motions to strike

The court will address this latter motion first. The parties have filed several "motions to strike." (Doc. 28, 50, 53, 54, 58, 73.)

A "motion to strike" applies only to "pleadings."  Fed. R. Civ. P. 12(f); *see also* Fed. R. Civ. P. 7(a) (pleadings, such as complaint and answer to complaint).  *See, e.g.*, *Waltner v. United States*, 98 Fed.Cl. 737, 766 (Fed. Cl. 2011), *aff'd*, 679 F.3d 1329 (Fed. Cir. 2011) (other documents may not be attacked by motion to strike) (citing cases); *Fox v. Michigan State Police Dept.*, No. 04–2078, 2006 WL 456008, at *2 (6th Cir. Feb. 24, 2006) (not to exhibits attached to dispositive motion); *Pilgrim v. Trustees of Tufts College*, 118 F.3d 864, 868 (1st Cir. 1997) (not to briefings on dispositive motions); *Johnson v. Manitowoc Boom Trucks, Inc.*, 406 F.Supp.2d 852, 864 n.10 (M.D. Tenn. 2005), *aff'd*, 484 F.3d 426 (6th Cir. 2007); *VanDanacker v. Main Motor Sales Co.*, 109 F.Supp.2d 1045, 1047 (D. Minn. 2000).

Even where such a motion is proper under the Civil Rules, "courts view motions to strike with disfavor and rarely grant them."  *Waltner*,  98 Fed.Cl. at 766; *see also BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007) ("extreme and disfavored measure"); *Boreri v. Fiat S.p.A.*, 763 F.2d 17, 23 (1st Cir. 1985) (disfavored) (citing cases).

 Lautenschlager's motion (doc. 73) to strike Shell's motion to compel is improper, and is DENIED.

### C.  Objections to interrogatories

As mentioned earlier, Shell argues that, because the defendants did not object to the interrogatories in a timely manner, any objection(s) should be deemed waived.  (Doc. 70, at 3.)  Shell asserts that she served interrogatories on the defendants on May 27, 2016.  (Doc. 70, at 2.)  Lautenschlager responds that he

received the interrogatories on approximately July 11, 2016, and thus his responses were not yet due at the time that the motion to compel was filed. (Doc. 73, at 2.)

Shell, in turn, provides what she purports to be proof of delivery, via USPS, with an image which shows that the Post Office delivered a First Class package to a mailbox on May 31, 2016. (Doc. 74, at 4.) No further details are provided, for example the address to which the package was delivered.

In any event, as noted earlier, neither party contacted the court to attempt to resolve this discovery dispute with the court prior to the filing of the motion to compel. Given the pro se status of all parties, and the lack of compliance with the Local Rules in this regard, the court will not deem objections to be waived.

Lautenschlager filed objections to Shell's interrogatories. He claims that, in general, the interrogatories are "overreaching, overbearing, and bear no relevance to the case before this court." (Doc 71, at 1.) His first specific objection is that Shell has exceeded the number of interrogatories provided for by the Rules. The court notes that parties are limited to twenty-five (25) interrogatories[2], as specified in Civil Rule 33.

Shell's interrogatories consist of multiple sub-parts, for example, numbers 2.4(f), 2.14(h), 2.21(g), and so forth. *See generally* doc. 70, exh. 1, interrogatories. According to Lautenschlager's reckoning, Shell has actually propounded forty-two interrogatories. *See* doc. 71, exh. 1, annotated interrogatories. Lautenschlager's

---

[2] Subparts of interrogatories that relate to a single common theme (as exemplified in the subparts detailing the specifics of corporate or partnership status in numbers 3.1 and following) are not counted as separate interrogatories.

argument on this point has merit; the court finds that Shell has exceeded the permissible number of interrogatories.

As to the "specific" objections that almost all of the interrogatories are "overreaching, overbearing, and bear no relevance to the case before this court," the court finds that this type of general objection, to almost every interrogatory posed, does not comply with Rule 33(b)(4) ( "grounds for objecting to an interrogatory must be stated with specificity"). Fed. R. Civ. P. 33(b)(4).

The court agrees, however, to the extent that the relevance of several of the interrogatories is unclear. The amended complaint alleges copyright infringement. Generally speaking, to succeed in a copyright infringement action, the plaintiff must establish "(1) ownership of a valid copyright; and (2) copying of constituent elements of the work that are original." *Stromback v. New Line Cinema*, 384 F.3d 283, 293 (6th Cir. 2004) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)); *Kohus v. Mariol*, 328 F.3d 848, 853 (6th Cir. 2003). Many of the interrogatories propounded by Shell appear to stray from the elements which she will need to establish, any defenses which defendants might conceivably raise, or the existence of damages.

The relevance of an interrogatory inquiring whether a defendant has "ever been accused of ... any incident or crime against a member of your family" (Interrogatory no. 2.12) is doubtful in this case. Similarly, it is unlikely that an interrogatory inquiring whether a defendant has been "accused ... for an incident involving a sex offense" (Interrogatory no. 2.14) is "reasonably calculated to lead to

the discovery of admissible evidence" in this copyright infringement suit. The same is true of interrogatories inquiring into the defendant's "political or charitable work under a fictitious name" (Interrogatory no. 3.7), or whether the defendant has:

> . . . participated in or appeared at any event, public forum, in any news report or article or before any governmental body in any capacity for any reason including to speak, petition, lobby, protest, rally or seek reform?

(Interrogatory no. 4.2.)

The motion to compel is granted in part, and denied in part. The court will re-set the clock. Shell will be permitted to re-serve relevant interrogatories on the defendants. Shell will propound no more than twenty-five interrogatories (to each), which are reasonably calculated to lead to the discovery of admissible evidence in this copyright infringement suit, and properly serve them on the defendants. The defendants must answer these interrogatories, or serve objections, within thirty days of the service of the interrogatories. Fed. R. Civ. P. 33(b)(2). "The grounds for objecting to an interrogatory must be stated with specificity." Fed. R. Civ. P. 33(b)(4).

SUMMARY

The motion to compel (doc. 70) is GRANTED in part, and DENIED in part, as set forth above. The motion to strike (doc. 73) the motion to compel is DENIED.

IT IS SO ORDERED.

Aug. 29, 2016                /s/ Kenneth S. McHargh
                                             Kenneth S. McHargh
                                             United States Magistrate Judge