UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SUZANNE SHELL, ) | |
| ) | Case No. 1:15CV1757 |
| Plaintiff, ) | |
| vs. ) | |
| ) | Magistrate Judge Kenneth McHargh |
| OHIO FAMILY RIGHTS, ) | |
| et al., ) | |
| Defendants. ) | MEMORANDUM |
| ) | AND ORDER |

McHARGH, Mag.J.

A status conference was held before the court on September 6, 2016.

The pro se plaintiff Suzanne Shell filed suit in this court against pro se defendants Ray R. Lautenschlager and Rosalind ("Roz") A. McAllister, as well as against several parties who have since been dismissed. Shell filed an amended complaint on January 19, 2016, alleging copyright infringement against the defendants concerning three works with copyrights allegedly registered and owned by Shell. (Doc. 15.)

The court addressed several matters at the conference. Shell had filed two motions for sanctions (doc. 68, 69), based largely on allegations that the defendants

had violated Civil Rule 11(b) by making improper or frivolous filings. Shell had earlier filed a motion for protective order, alleging that the defendants had been making "scandalous, malicious, vexatious, irrelevant, and meritless arguments and diatribes" against her. (Doc. 56, ¶ 6.) For example, Shell pointed out that the defendants were threatening to bring criminal charges against her, under Ohio Rev. Code § 2903.11 (menacing by stalking); 42 U.S. Code § 3617 (interference, coercion, or intimidation); and 18 U.S. Code § 1512 (tampering with a witness, victim, or informant), simply for pursuing her case in this litigation. See., e.g, doc. 58, ¶ 7; doc. 60, ¶¶ 3-4.

The court pointed out that motions filed in this court must have a good faith basis. Threats of criminal action, based simply on a party's pursuing civil litigation, are improper. The parties were cautioned that pro se litigants are expected to follow the rules of court.

The court found that plaintiff's motions for sanctions were well-taken, but in light of the defendants' pro se status, no sanctions will be imposed at this point. However, the parties were warned that further such conduct would result in sanctions, which could include monetary sanctions, the award of default judgment, or other sanctions provided by the rules, or within the inherent power of the court. *See* Fed. R. Civ. P. 11(c), and 37(b); Local Rule 7.1(i). *See also Monsanto Co. v. Ralph*, 382 F.3d 1374, 1382 (Fed. Cir. 2004); *Freeland v. Amigo*, 103 F.3d 1271, 1276-1277 (6th Cir. 1997) (Rule 37 sanctions); *Hartleip v. McNeilab, Inc.*, 83 F.3d 767, 778 (6th Cir. 1996) (Rule 11 sanctions); *Codonics, Inc. v. Datcard Sys., Inc.*, No.

1:08CV1885, 2009 WL 1565951, at *2 (N.D. Ohio June 3, 2009) ((sanctions under inherent powers when party acts in bad faith, or vexatiously).

Shell had filed a Motion for Reconsideration (doc. 81), which the defendants had not yet received, prior to the conference. The defendants shall respond to the motion for reconsideration within fourteen (14) days.

At the conference, Shell hand-delivered to the defendants her revised interrogatories and requests for production of documents. The defendants must answer these interrogatories, or serve objections, within thirty days of the service of the interrogatories. Fed. R. Civ. P. 33(b)(2). "The grounds for objecting to an interrogatory must be stated with specificity." Fed. R. Civ. P. 33(b)(4).

At the Case Management Conference (CMC) held on July 1, 2016, the court had set a discovery deadline of December 12, 2016, and a dispositive motion deadline of September 26, 2016. (Doc. 65.) As set forth at yesterday's conference, the court will adjust those dates, as follows. The parties' initial disclosures are due no later than Tuesday, Sept. 20, 2016. Defendant Lautenschlager represented to the court that he had mailed his disclosures to plaintiff Shell, but as Shell states that she did not receive them, Lautenschlager agreed to re-send them.

The discovery deadline will be Wednesday, November 30, 2016. The parties were reminded that they are expected to comply with the Local Rules, if any discovery disputes arise. The proper procedure (LR 37.1) to address any discovery disputes has been set out in several of the court's previous rulings. *See, e.g.*, doc. 77, at 2-3; doc. 78, at 2. The dispositive motion deadline is Friday, December 30, 2016.

The court notes that the status conference was temporarily adjourned, at one point, for another judicial officer to conduct settlement discussions.  It is the court's understanding that the case was settled, as to plaintiff Shell and defendant McAllister only.  The court expects that a docket entry reflecting same will follow.

## SUMMARY

The case management dates are modified, as follows:  The parties' initial disclosures are due no later than Tuesday, Sept. 20, 2016.  The discovery deadline is Wednesday, November 30, 2016.  The dispositive motion deadline is Friday, December 30, 2016.

The motion for protective order (doc. 56), and the motion to strike same (doc. 58) are DENIED, although the parties are cautioned as to the appropriate behavior to be followed in the course of this litigation, as discussed at the Sept. 6 conference, and as set forth above.  The motions for sanctions (doc. 68, 69) are DENIED at this juncture, without prejudice to renew.

IT IS SO ORDERED.

Sept. 7,  2016                             /s/ Kenneth S. McHargh
                                        Kenneth S. McHargh
                                        United States Magistrate Judge