UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SUZANNE SHELL, | ) | |
| | ) | Case No. 1:15CV1757 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Magistrate Judge Kenneth  McHargh |
| OHIO FAMILY RIGHTS, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | MEMORANDUM |
| | ) | AND ORDER |
| | ) | |

McHARGH, Mag.J.

The pro se plaintiff Suzanne Shell filed suit in this court against pro se

defendant Ray R. Lautenschlager, as well as against several parties who have since

been dismissed.  Shell filed an amended complaint on January 19, 2016, alleging

copyright infringement against the defendants concerning three works with

copyrights allegedly registered and owned by Shell.  (Doc. 15.)

Currently before the court is Shell's Motion for Reconsideration of the court's

August 29, 2016, ruling.  (Doc. 81; *see also* doc. 78.)

At the Case Management Conference held on July 1, 2016, the court

scheduled a status conference for Sept. 6, 2016.  (Doc. 65.)  Prior to the status

conference, the parties filed a number of motions, most of which the court addressed

in its order of August 29, 2016.  (Doc. 78.)

Shell had also filed two motions for sanctions (doc. 68, 69), based largely on

allegations that the then-defendants[1] had violated Civil Rule 11(b) by making

improper or frivolous filings.  Shell had earlier filed a motion for protective order,

alleging that the defendants had been making "scandalous, malicious, vexatious,

irrelevant, and meritless arguments and diatribes" against her.  (Doc. 56, ¶ 6.)  At

the September 6 status conference, the court found that plaintiff's motions for

sanctions were well-taken, but in light of the defendants' pro se status, no sanctions

were imposed at that point.  (Doc. 82, at 2.)

The court notes that one of the factors that the court must consider when

deciding whether to impose sanctions is whether the party had been warned that

failure to cooperate in discovery could lead to the sanction imposed.  *Freeland v.

Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997); *Trustees of Laborers, Local 310 Pension

Fund v. Able Contracting Group, Inc.*, No. 1:04CV2294, 2007 WL 184748, at *5

(N.D. Ohio  Jan. 19, 2007).   No such warning had been given by the court, in part

because the parties had not brought their discovery dispute to the court's attention

at an earlier date.  At the status conference, the parties were warned that further

such conduct would result in sanctions, which could include monetary sanctions, the

award of default judgment, or other sanctions provided by the rules, or within the

---

[1]  Rosalind ("Roz") A. McAllister, who was a defendant at that point, has since been dismissed from the action.  (Doc. 83.)  A dismissal entry has not yet been received.

inherent power of the court.  (Doc. 82, at 2-3; *see* Fed. R. Civ. P. 11(c), and 37(b);

Local Rule 7.1(i).)

Shell has filed a Motion for Reconsideration of the court's August 29 ruling.

(Doc. 81.)  Lautenschlager has filed a response.  (Doc. 86.)

In her earlier motion(s), Shell had argued that, because the defendants had

failed to object to the interrogatories in a timely manner, any objections should be

deemed waived.  (Doc. 78, at 5; doc. 70, at 3.)  The parties had also disputed the

date that the interrogatories had been received by defendants.  In addition, the

court noted:

> In any event, . . . neither party contacted the court to attempt to
> resolve this discovery dispute with the court prior to the filing of the
> motion to compel [in accordance with Local Rule 37.1].  Given the pro
> se status of all parties, and the lack of compliance with the Local Rules
> in this regard, the court will not deem objections to be waived.

(Doc. 78, at 6.)

The court pointed out that Shell had exceeded the permissible number of

interrogatories, and that many of Lautenschlager's objections were insufficiently

specific.  (Doc. 78, at 6-7.)  The court noted, as well, that the relevance of several of

the interrogatories was questionable.  *Id*. at 7-8.  Considering the pro se status of

both plaintiff and the defendants, the court ruled:

> The motion to compel [doc. 70] is granted in part, and denied in part.
> The court will re-set the clock.  Shell will be permitted to re-serve
> relevant interrogatories on the defendants.  Shell will propound no
> more than twenty-five interrogatories (to each), which are reasonably
> calculated to lead to the discovery of admissible evidence in this
> copyright infringement suit, and properly serve them on the
> defendants.  The defendants must answer these interrogatories, or
> serve objections, within thirty days of the service of the interrogatories.

> Fed. R. Civ. P. 33(b)(2).  "The grounds for objecting to an interrogatory
> must be stated with specificity."  Fed. R. Civ. P. 33(b)(4).

(Doc. 78, at 8.)

Shell has filed an objection and a motion to reconsider this order.  (Doc. 81.)

As noted, Lautenschlager has filed a response.  (Doc. 86.)

The Federal Rules of Civil Procedure do not explicitly provide for a "motion

for reconsideration."  In the Sixth Circuit, such a motion, if served within ten days

of the entry of judgment, is considered a motion to alter or amend judgment,

pursuant to Fed.R.Civ.P. 59(e).  Stubblefield v. Skelton, 117 F.3d 1421, 1997 WL

397240, at *2 (6th Cir. 1997) (TABLE, text in WESTLAW) (citing Huff v.

Metropolitan Life Ins. Co., 675 F.2d 119, 122 (6th Cir. 1982)); see also Chesner v.

Stewart Title Guar. Co., No. 1:06CV00476, 2009 WL 585821, at *1 (N.D. Ohio Feb.

24, 2009) (citing McDowell v. Dynamics Corp. of Am., 931 F.2d 380, 382 (6th Cir.

1991)) (motion for reconsideration treated as Rule 59(e) motion)

A motion for reconsideration generally requires a showing of "(1) a clear error

of law;  (2) newly discovered evidence that was not previously available to the

parties;  or (3) an intervening change in controlling law."  Owner-Operator

Independent Drivers Ass'n, Inc. v. Arctic Exp., Inc., 288 F.Supp.2d 895, 900 (S.D.

Ohio 2003) (citing GenCorp., Inc. v. American Int'l Underwriters, 178 F.3d 804, 834

(6th Cir. 1999)); see also Henderson v. Walled Lake Consol. Sch., 469 F.3d 479, 496

(6th Cir. 2006).  "Motions for reconsideration do not allow the losing party to 'repeat

arguments previously considered and rejected, or to raise new legal theories that

should have been raised earlier.'"  Id.  Motions for reconsideration are disfavored.

Davie v. Mitchell, 291 F.Supp.2d 573, 634 (N.D. Ohio 2003), aff'd, 547 F.3d 297 (6th

Cir. 2008), cert. denied, 558 U.S. 996 (2009); accord, Dottore v. Fortran Printing,

Inc., No. 1:04CV2153, 2006 WL 3228782, at *2 (N.D. Ohio Nov. 6, 2006) (citing

Davie); Mechler v. City of Milford, No. C-1-02-948, 2006 WL 971397, at *3 (S.D.

Ohio Apr. 10, 2006).

In her motion for reconsideration, Shell argues that the court erred in ruling

that defendants had not waived their objections to the interrogatories. (Doc. 81, at

1.)  Shell contends that the defendants are not entitled to any benefit of the doubt

based on their pro se status, and that they have conducted themselves with bad

faith throughout the litigation. *Id.* at 5.

Shell fails to recognize that the court also considered her own pro se status in

even addressing her motion to compel at all.  As the court has previously explained,

her motion to compel was filed despite her failure to comply with Local Rule 37.1.

This court has found that failure to comply with LR 37.1 is grounds for denying a

subsequent non-compliant motion to compel.  *See, e.g., St. John v. Bosley, Inc.*, No.

1:10CV0954, 2011 WL 1542532, at *2 (N.D. Ohio Apr. 21, 2011) (citing cases);

*Infocision Mgmt. Corp. v. Foundation for Moral Law, Inc.*, No. 5:08CV1342, 2009

WL 1661650, at *2 (N.D. Ohio June 15, 2009) (citing cases).  Rather than simply

denying her motion to compel on the basis of her failure to comply with LR 37.1, the

court addressed her motion, in part in consideration of her pro se status, in the

interests of moving the case forward.

Shell's motion for reconsideration rests, for the most part, on arguments the court has previously considered and rejected.  The court's ruling was intended, in part, to give the parties a fresh start, and to move the case forward.  The parties have been cautioned as to the sanctions that may result should there be any further failure to comply with discovery.

The motion for reconsideration (doc. 81) is DENIED.

IT IS SO ORDERED.

Sept. 28,  2016                          /s/ Kenneth S. McHargh
                                         Kenneth S. McHargh
                                         United States Magistrate Judge