```
                    UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF OHIO
                         EASTERN DIVISION


SUZANNE SHELL,                    )    Case No. 1:15CV1757
                                  )
     Plaintiff,                   )    Magistrate Judge David A.
                                  )    Ruiz
     v.                           )
                                  )
RAY R. LAUTENSCHLAGER,            )    MEMORANDUM
                                  )    AND ORDER
     Defendant.                   )
```

RUIZ, Mag.J.

The plaintiff Suzanne Shell filed suit *pro se* in this court against *pro se* defendants Ray R. Lautenschlager and Rosalind A. McAllister (collectively the "parties"), as well as against several parties who have since been dismissed. Shell filed an amended complaint on January 19, 2016, alleging copyright infringement against the defendants concerning three works with copyrights allegedly registered and owned by Shell. (R. 15.)

Currently before the court is Shell's Motion to Enforce Settlement Agreement and Motion for Sanctions. (R. 92.) Some relevant background is in order. On September 6, 2016, Magistrate Judge Kenneth S. McHargh held an in-person status conference with the parties. (R. 82.) The conference adjourned

temporarily so the parties could mediate their dispute with another judicial officer.  The mediation was partially successful, in that Shell and McAllister agreed to settle the claims against McAllister.[1]  (R. 83.)  Immediately thereafter, Shell and McAllister appeared in open court before the judicial officer who mediated the matter and confirmed the terms of their settlement agreement, on the record with a court reporter present transcribing the proceedings.  *See* R. 83, Minutes of Proceedings, and R. 103, Transcript of Proceedings.  Shell and McAllister agreed that the case between them "was considered settled and dismissed with prejudice."  (R. 83, PageID #: 709, and R. 103, Tr., PageID #: 945.)  The court did not retain jurisdiction over their settlement agreement.

On September 30, 2016, Magistrate Judge McHargh, to whom the parties had previously consented, retired.  The case was returned to the originally assigned District Judge, who on October 4, 2016, dismissed the claims against then-defendant McAllister with prejudice, based upon the settlement agreement reflected on the docket.  The remaining parties, Shell and Lautenschlager, then consented to the jurisdiction of the undersigned, Magistrate Judge Ruiz.  (R. 89, 90, 91.)

---

[1] The claims against the remaining defendant, Lautenschlager, did not settle through that mediation.

On October 10, 2016, plaintiff Shell filed her Motion to Enforce Settlement Agreement and Motion for Sanctions pertaining to McAllister. (R. 92.) Shell asserts that she presented a draft Consent Judgment (see R. 92-1) to McAllister for her signature, but that McAllister refused to sign the draft judgment, and that McAllister's disagreement with the terms of the draft judgment demonstrates that "McAllister does not intend to honor the terms of the [draft] Consent Judgment, terms that she indicated her agreement with in two court hearings." (R. 92, ¶ 6, PageID #: 821.)

The court held a telephone conference on November 16, 2016, with Shell and McAllister to address this motion. The court was unsuccessful in resolving the dispute behind the motion. During the telephone conference, however, both Shell and McAllister stated that they settled their claims at the September 6th mediation and indicated that they confirmed the terms of their agreement in open court.

Shell and McAllister successfully mediated their dispute and reached an oral agreement, which terms were set forth and agreed to by each person on the record, and they agreed the matter was settled and dismissed with prejudice. They, however, did not memorialize in writing the terms of their oral settlement agreement and there is a disagreement over the import of the terms that each agreed to on the record. The terms of

their settlement agreement are set forth in the transcript of the proceedings on the record on September 6, 2016.  (R. 103, PageID #: 944-945; *see also* R. 83.)

The court did not retain jurisdiction over the settlement agreement.  In addition, the court no longer has jurisdiction over McAllister.  McAllister was dismissed from the case, with prejudice, on Oct. 4, 2016.  Therefore, the motion to enforce the settlement agreement (and for sanctions) against McAllister (R. 92) must be, and hereby is, denied.  This court is without jurisdiction to consider a motion by either Shell or McAllister to enforce or dispute the terms of their settlement agreement or to re-litigate their underlying disputes.

For the reasons set forth above, Shell's Motion to Enforce Settlement Agreement and Motion for Sanctions (R. 92) is DENIED.

IT IS SO ORDERED.

Nov. 22,  2016                    /s/ David A. Ruiz
                                  David A. Ruiz
                                  United States Magistrate Judge